IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Stephen C. SOLOMON, Attorney at Law.

Supreme Court

*No. 84–1674–D. Filed February 11, 1985.*
(Also reported in 362 N.W.2d 156.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

The referee recommends that Attorney Stephen C. Solomon be publicly reprimanded for unprofessional con-

duct consisting of having entered into an agreement with a client to collect an illegal fee and having failed to inform a circuit judge in a garnishment action in which he represented the plaintiff that the principal defendant had filed for bankruptcy and having misrepresented to the judge in a proposed order in that proceeding that a specific amount of money belonging to the principal defendant was being held by a garnishee defendant. We agree with the referee that a public reprimand is appropriate discipline under the circumstances of this case.

Attorney Solomon was admitted to practice law in Wisconsin in 1974, and practiced in Madison. In 1984, he was privately reprimanded for professional misconduct consisting of having failed to continue representation of a criminal defendant after he appeared for him on the issue of bail.

In this disciplinary proceeding Attorney Solomon and the Board of Attorneys Professional Responsibility (Board) stipulated to the facts. In May of 1982, Attorney Solomon was retained by a client to pursue a worker's compensation claim. He told the client that he would represent him provided he would receive 30 percent of any settlement as a contingent fee, based on the complex and time-consuming nature of the legal work involved. When he was retained, Attorney Solomon told the client that Wisconsin law, sec. 102.26(2), Stats., established a 20 percent fee limitation on worker's compensation claims, but he expressed his opinion to the client that the statutory limit was out-of-date, unrealistic and unconstitutional. While the statute limited attorney fees to 20 percent of the award, an attorney was entitled to seek prior authorization from the Wisconsin Department of Industry, Labor and Human Relations (DILHR) to receive a fee greater than the maximum allowed by law.

When he retained Attorney Solomon, the client was unemployed and was having trouble meeting his finan-

cial obligations. Several other attorneys had declined to represent him on his claim, and he was anxious to have an attorney pursue the matter.

In order to avoid the statutory fee limitation, Attorney Solomon had the client enter into a written fee agreement providing for a fee exceeding the statutory limit by 10 percent, with the excess classified as a "gift" from the client to Attorney Solomon, in the event DILHR denied Attorney Solomon's request for a fee exceeding the statutory 20 percent. That request was denied by DILHR in June, 1982.

A compromise settlement of the client's claim was reached, under the terms of which the compensation carrier paid a total of $20,631, of which the client was to receive $16,504.80 and Attorney Solomon $4,126.20 as attorney fees. At the time DILHR approved the settlement, it had not been informed by Attorney Solomon of the fee agreement he and his client had entered into for the 10 percent "gift."

In disbursing the proceeds of the settlement check from the compensation carrier, Attorney Solomon voluntarily reduced the "gift" from 10 percent to 5 percent, and he inadvertently paid over to the client $400 which he was to have received for recovering another insurer's payment of the client's medical expenses. In sum, Attorney Solomon received approximately 25 percent of the settlement, or $1,331.50 in excess of the statutory maximum fee.

In an unrelated matter, Attorney Solomon commenced a garnishment action on behalf of a client in September, 1983. Both garnishee defendants alleged that the principal defendant had filed a bankruptcy petition and, consequently, the garnishment action was subject to the automatic stay provisions of the Bankruptcy Act. Neither garnishee defendant alleged that it was holding any specific funds belonging to the principal defendant.

Attorney Solomon submitted a proposed order to the circuit judge directing one of the garnishee defendants

to pay $2,422.62 to the clerk of courts and directing the clerk to forward those funds to him. Attorney Solomon had learned of the specific amount in a telephone conversation with the garnishee defendant's counsel, but that defendant's answer in the garnishment action had not specified any amount owed to the principal defendant.

When he presented the proposed order to the judge, Attorney Solomon had not given written notice of the application to the other parties, did not advise the court of the principal defendant's bankruptcy, and did not advise the court that the answer filed by the garnishee defendant had made no mention of any specific amount being held for the principal defendant. In reliance on Attorney Solomon's representations as to the status of the case as incorporated in the proposed order, the trial judge signed the order. Subsequently, after learning of the principal defendant's bankruptcy, the trial judge vacated the order.

In his report, the referee, the Honorable William C. Sachtjen, Reserve Judge, noted Attorney Solomon's prior reprimand, but he stated that the misconduct in these matters warranted no more than a public reprimand, together with the payment of costs of the proceeding. The Board did not appeal from the referee's recommendation of a public reprimand as discipline.

The referee made findings of fact consistent with the parties' stipulation, and he concluded that Attorney Solomon violated SCR 20.12(1) by entering into the agreement for an illegal fee and that he violated the terms of the attorney's oath, SCR 40.13, by his conduct in the garnishment action. We accept the referee's findings of fact and conclusions of law, and we determine that a public reprimand is appropriate discipline.

Additionally, it is appropriate here that Attorney Solomon be required to refund to his former client in

the worker's compensation matter that portion of the fee he collected which exceeded the statutory limit. Our order for restitution of the excess fee is based upon Attorney Solomon's letter, filed with the court on January 24, 1985, stating his willingness to make that restitution and requesting at least six months to do so.

IT IS ORDERED that Attorney Stephen C. Solomon is publicly reprimanded for his unprofessional conduct in these matters.

IT IS FURTHER ORDERED that within six months of the date of this order Attorney Stephen C. Solomon reimburse his former client in the worker's compensation matter that portion of the fee he collected which exceeded the statutory limit, provided that the reimbursement be made to the worker's compensation carrier in the event that carrier has made payment to the former client for the excess fee and provided further that if Attorney Solomon fails to provide the Board of Attorneys Professional Responsibility within six months of the date of this order satisfactory proof that he has made the ordered reimbursement and absent a showing by Attorney Solomon of his inability to make the reimbursement, the license of Attorney Stephen C. Solomon to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that within one year of the date of this order Attorney Stephen C. Solomon pay to the Board of Attorneys Professional Responsibility the costs of this proceeding in the amount of $2,829.21, provided that if the costs are not paid within the time specified and absent a showing by Attorney Solomon of his inability to pay those costs within that time, the license of Attorney Stephen C. Solomon to practice law in Wisconsin shall be suspended until further order of the court.

STEINMETZ and CECI, JJ., dissent and would order the parties to file a brief on the issue of appropriate discipline, specifically, why the license of Attorney Stephen C. Solomon should not be suspended for his unprofessional conduct in these matters.